UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X

TIFFANY A. HAHN,

                   Plaintiff,

       v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant

----------------------------------X

                                **MEMORANDUM AND ORDER**

                                20-CV-06124 (KAM)

       Plaintiff Tiffany A. Hahn ("Plaintiff") appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which found that Plaintiff was not disabled within the meaning of the Social Security Act ("Act") and not entitled to disability insurance benefits under Title II of the Act.  Presently before the Court are Plaintiff's motion for judgment on the pleadings and the Commissioner's cross-motion for judgment on the pleadings.  For the reasons set forth below, Plaintiff's motion is **GRANTED**.  The Commissioner's cross-motion is **DENIED**.  The case is **REMANDED** for further proceedings consistent with this Memorandum and Order.

## BACKGROUND

       The parties have filed a joint statement of stipulated facts detailing Plaintiff's medical history and administrative hearing testimony, which the Court has reviewed and incorporates

1

by reference.  The Court briefly recounts the facts relevant to the instant motions.  (ECF No. 14-2, Joint Stipulation of Facts ("Stip.").)

On March 20, 2019, Plaintiff filed an application for disability insurance benefits, alleging disability since July 19, 2016, when Plaintiff was 28 years old.  (ECF No. 17, Administrative Transcript ("Tr."), at 13, 53, 172.)  Plaintiff claimed that she was disabled due to lumbar radiculopathy and spinal fusion.  (*Id.* at 53.)  The alleged disability was the result of Plaintiff's work as a corrections officer: Plaintiff was assaulted by a prisoner and suffered a back injury.  (Stip. at 3; Tr. at 295.)

Plaintiff's application was denied on July 10, 2019.  (Tr. at 60-61.)  On January 10, 2020, Plaintiff requested a hearing before an administrative law judge.  (*Id.* at 101-02.)  The hearing took place on May 27, 2020, in front of Administrate Law Judge Sandra McKenna (the "ALJ").  (*Id.* at 30.)  Due to the COVID-19 pandemic, the hearing took place virtually.  (*Id.* at 32.)

On July 14, 2020, the ALJ determined that Plaintiff was not disabled under the Act because she retained the residual functional capacity ("RFC") to perform sedentary jobs that existed in significant numbers in the national economy.  (*Id.* at 1, 10.)  On July 16, 2020, Plaintiff appealed the ruling of the ALJ to the Appeals Council.  (*Id.* at 5.)  On October 30, 2020, the Appeals

Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner.  (*Id.* at 1.)  This appeal followed.

## LEGAL STANDARD

### I.  Standard of Review

An unsuccessful claimant for disability benefits under the Act may bring an action in federal court seeking judicial review of the Commissioner's denial of his or her benefits. 42 U.S.C. §§ 405(g), 1383(c)(3).  "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error."  *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quotations and citation omitted); *see also* 42 U.S.C. § 405(g).  "Substantial evidence is 'more than a mere scintilla'" and must be relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Halloron v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 420 U.S. 389, 401 (1971)).  Inquiry into legal error requires courts to ask whether the claimant "has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation omitted; second alteration in original). The reviewing court does not have the authority to conduct a *de novo* review, and may not substitute its own judgment for that of the ALJ, even when it might have

justifiably reached a different result. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

## II.  Determination of Disability

A claimant must be "disabled" within the meaning of the Act to receive disability benefits. *See* 42 U.S.C. §§ 423(a), (d). A claimant is disabled when he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be of "such severity" that the claimant is unable to do his or her previous work or engage in other substantial gainful work. § 423(d)(2)(A). "The Commissioner must consider the following in determining a claimant's entitlement to benefits: '(1) the objective medical facts [and clinical findings]; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability . . . ; and (4) the claimant's educational background, age, and work experience.'" *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 262 (E.D.N.Y. 2001) (quoting *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999)).

Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether the claimant's condition meets the Act's definition of

disability.  20 C.F.R. § 404.1520.  This process can be summarized as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess*, 537 F.3d at 120 (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

During this five-step process, the Commissioner must consider whether the combined effect of any such impairment would be of sufficient severity to establish eligibility for Social Security benefits.  20 C.F.R. § 404.1523(c).  Further, if the Commissioner does find a combination of impairments, the combined impact of the impairments, including those that are not severe (as defined by the regulations), will be considered in the determination process.  20 C.F.R. § 416.945(a)(2).  At steps one through four of the sequential five-step framework, the claimant bears the "general burden of proving . . . disability." *Burgess*, 537 F.3d at 128.  At step five, the burden shifts from the claimant to the Commissioner, requiring the Commissioner to show that, in light of the claimant's RFC, age, education, and work experience, the claimant is "able to engage in gainful employment within the

national economy." *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

Federal regulations explicitly authorize a court, upon reviewing decisions of the Commissioner, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted)). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts*, 94 F.3d at 39. If the record before the court provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits. *See, e.g.*, *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

## DISCUSSION

I.  **The ALJ's Disability Determination**

Using the five-step sequential process described above, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since July 19, 2016, the alleged onset date of Plaintiff's disability.  (ECF No. 17, Tr. at 15.)  Although Plaintiff received some income after the onset date, such income "reflect[ed] payments for personal, sick, and vacation time, as well as other non work related payments."  (*Id.*)  Therefore, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (*Id.*)

At step two, the ALJ determined that Plaintiff suffered from the following severe impairment: "lumbar disc herniation, status post surgeries."  (*Id.*)  The ALJ also noted that the record reflected right hip bursitis, but found the condition to be non-severe given the duration of the condition and responsiveness to treatment.  (*Id.* at 16.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).  (*Id.*)  Specifically, the ALJ found that Plaintiff's impairments did not meet the criteria under Listing 1.04 for spine related disorders, given that there was little to no evidence of

7

significant nerve root compression, neuroanatomical distribution of pain, motor weakness, reflex or sensor loss, and positive straight leg raising in the supine and sitting positions.  (*Id.*)

Regarding Plaintiff's RFC, the ALJ determined that Plaintiff had the RFC to perform sedentary work[1], but that she could occasionally climb ramps and stairs, occasionally balance and stoop, never climb ladders, ropes or scaffolds, never kneel, crouch or crawl, and never work at unprotected heights or with moving mechanical parts.  (*Id.*)  In determining Plaintiff's RFC, the ALJ considered medical opinions and evidence in the record. (*Id.* at 16–23.)

At steps four and five, the ALJ found that Plaintiff was capable of performing past relevant work as an optometry technician.  (*Id.* at 23.)  Plaintiff previously worked as an optometry technician between 2009 and 2013.  (*Id.*)  In making this determination, the ALJ relied upon the testimony of vocational expert Linda Stein.  (*Id.*)  The ALJ found that work as an optometry technician did not require engaging in work-related activities precluded by Plaintiff's RFC.  (*Id.*)

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 CFR § 404.1567(a).

Accordingly, the ALJ found that Plaintiff was not "disabled" under the meaning of the Act and not entitled to disability benefits. (*Id.*)

## II. Assessment of Medical Evidence

The parties dispute whether the ALJ properly evaluated the medical opinion evidence in the record.

### A. Regulations Regarding Evaluation of Medical Opinion Evidence

In 2017, the Social Security Administration ("SSA") adopted new regulations, effective March 27, 2017, revising the standard for evaluating medical opinion evidence and effectively abolishing the prior "treating physician rule." *See* 20 C.F.R. § 404.1520c. Because Plaintiff filed her claim on March 20, 2019, the new regulations apply. Under the new regulations, the Commissioner no longer "defer[s]" or gives "controlling weight" to a claimant's treating medical sources. § 404.1520c(a). Instead, when evaluating the persuasiveness of medical opinions, the Commissioner will consider the following five factors: (1) supportability; (2) consistency; (3) relationship of the sources with the claimant (including length of the treatment relationship, frequency of examination, purpose of the treatment relationship, extent of the treatment relationship, and whether the relationship is an examining relationship); (4) the medical sources' specialization; and (5) other factors, including but not limited

to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." §§ 404.1520c(c), § 416.920c(c).  The ALJ must explain how he or she considered the supportability and consistency factors in evaluating the persuasiveness of a medical opinion. §§ 404.1520c(a), (b)(2).

**B. The ALJ's Assessment**

Plaintiff contends that the ALJ failed to consider all of the medical evidence in the record because Dr. Goldstein's assessment of Plaintiff's injury was not discussed or mentioned by the ALJ.  (ECF No. 14-1, Plaintiff's Memorandum of Law ("Pl. Mem.") at 11.)  Plaintiff asserts that the ALJ entirely failed to discuss Dr. Goldstein's assessment even though Dr. Goldstein treated Plaintiff regularly for over a year and his findings were consistent with other medical sources' findings.  (*Id.* at 11-12.) Plaintiff also contends that the ALJ failed to properly evaluate the five factors set forth in 20 C.F.R. § 404.1520(c) for the medical source assessments that *were* discussed in the ALJ's opinion. (*Id.* at 12-13.)  Plaintiff argues that the ALJ improperly dismissed the assessments of Dr. Checo, Dr. Koutsoumbelis, Dr. Zitner, and PA Finn.  Plaintiff contends that the ALJ did not properly address the supportability and consistency of their assessments, as required by the new SSA regulations, because the

10

ALJ merely stated that their medical assessments were made in the context of workers' compensation claims and, thus, were not persuasive. (*Id.* at 15; Tr. at 16-22.)

This Court agrees with Plaintiff's contentions regarding the ALJ's assessment of medical evidence. First, as to Dr. Goldstein, an ALJ is required to consider *all* of the medical opinion evidence in the record. § 404.1520(c)(b) ("We will articulate in our determination or decision how persuasive we find *all* of the medical opinions and *all* of the prior administrative medical findings in your case record." (emphasis added)); *see Delgadillo v. Comm'r of Soc. Sec. Admin.*, No. 22-cv-00106 (PHX) (MTL), 2022 WL 17038552, at *3 (D. Ariz. Nov. 17, 2022) ("Under the revised rules, all evidence an ALJ receives is considered."). The ALJ did not consider all the medical opinion evidence because the ALJ did not discuss or mention Dr. Goldstein's assessment. Additionally, by failing to discuss Dr. Goldstein's assessment at all, the ALJ necessarily failed to discuss whether the assessment was supported by and consistent with other medical evidence in the record, as required by § 404.1520(c)(b)(2). This failure alone suffices as grounds for remand. *Keeby o/b/o T.K. v. Comm'r of Soc. Sec.*, No. 21-cv-1202 (PKC), 2022 WL 4451004, at *4 (E.D.N.Y. Sept. 23, 2022) ("[T]he ALJ's failure to sufficiently explain how he evaluated the medical opinions in the record warrants remand."); *Prieto v. Comm'r of Soc. Sec.*, No. 20-cv-3941 (RWL), 2021 WL

3475625, at *9 (S.D.N.Y. Aug. 6, 2021) ("[A]n ALJ's failure to properly consider and apply the requisite factors is grounds for remand." (internal quotation marks, citation, and alteration omitted)).

The Commissioner argues that because Dr. Goldstein was in the same practice as Dr. Checo, and because the ALJ discussed Dr. Checo's assessments, the ALJ was not required to consider Dr. Goldstein's opinions.  (ECF No. 15-1, Defendant's Memorandum of Law ("Def. Mem.") at 11-12.)  The Court is not persuaded and finds that the ALJ should have considered Dr. Goldstein's assessments. Dr. Goldstein examined and treated Plaintiff during ten office visits between April 2017 and May 2018, and made findings as to Plaintiff's physical pain and its impact on her daily activities. (ECF No. 14-1, Pl. Mem. at 11.)  Defendant provides no case law to support the assertion that Dr. Goldstein's assessment did not need to be discussed despite Dr. Goldstein's examination and treatment visits with Plaintiff and the regulations stating that all medical opinions in the record will be considered, simply because Dr. Goldstein practiced in the same medical office as Dr. Checo.  It is true that under the new SSA regulations, § 404.1520c(b)(1) states that "when a medical source provides multiple medical opinion[s]," an ALJ is "not required to articulate how [the ALJ] considered each medical opinion . . . from one medical source individually."  But Defendant provides no support for its

contention that a single "medical source" therefore may encompass opinions from different individual medical doctors.  Indeed, other regulations clarify that a "medical source" is an individual medical expert.  *See* § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support *his or her* medical opinion . . . the more persuasive the medical opinions . . . will be." (emphasis added); § 404.1520c(c)(5) ("[W]e will also consider whether new evidence we receive after the medical source made *his or her* medical opinion makes the medical opinion . . . less persuasive." (emphasis added)); *see also Prieto*, 2021 WL 3475625, at *9 n.5 ("[T]he ALJ now must analyze opinions at the source-level, rather than separately analyze multiple opinions of the same source presented in the record . . . That means that the ALJ will articulate how he considered the medical opinions from a medical source together in a single analysis." (alteration, citation, and internal quotation marks omitted)).  Accordingly, the Court finds that the ALJ's failure to address Dr. Goldstein's assessment warrants remand.

Second, the Court finds that the ALJ's RFC determination was not supported by substantial evidence.  "Substantial evidence is more than a mere scintilla," and must be relevant evidence that a "reasonable mind might accept as adequate to support a conclusion."  *Halloran*, 362 F.3d 28, 31 (2d Cir. 2004) (internal

quotation marks and citation omitted).  If there is substantial evidence in the record to support the Commissioner's findings, those findings must be upheld. 42 U.S.C. § 405(g).

Medical records alone cannot provide substantial evidence for an RFC determination; rather, an "ALJ's RFC determination must be supported by a medical opinion in the record at that time." *Pearson v. Comm'r of Soc. Sec.*, No. 20-cv-3030(AMD), 2021 WL 3373132, at *4 (E.D.N.Y. Aug. 3, 2021) (emphasis added).  Here, the ALJ evaluated the opinions of Dr. Checo, Plaintiff's treating orthopedic surgeon; Dr. Koutsoumbelis, Plaintiff's second treating orthopedic surgeon; Dr. Zitner, Plaintiff's third treating orthopedic surgeon; PA Finn, an assistant to Dr. Zitner; Dr. Lee, Plaintiff's treating pain management doctor; Dr. Rosenberg, an orthopedic surgeon who performed three medical examinations for Plaintiff's workers' compensation claims; Dr. Totero, who performed one medical examination for Plaintiff's workers' compensation claim; Dr. Asad, a consultative examiner; and Dr. Li and Dr. Marasigan, non-examining consultants.  (ECF No. 17, Tr. at 16-23.)  Dr. Checo and Dr. Kousoumbalis, treating orthopedic surgeons, both found that Plaintiff was totally disabled.  (*Id.* at 17, 19-20.)

The ALJ found that none of medical opinions were fully persuasive, except for Dr. Asad's.  The ALJ dismissed the seven examining medical opinions as not persuasive or only somewhat

persuasive for a combination of the following reasons: (1) the opinions included "determinations regarding [Plaintiff's] ability to work" that are "reserved to the Commissioner" to make; (2) the opinions were "provided for workers' compensations purposes," which has a different standard of review than SSA disability benefits; and (3) the opinions were not supported by the record or consistent with other opinions, specifically Dr. Asad's. (*Id.* at 16-23.)  The ALJ particularly rejected the findings of treating physicians Dr. Checo and Dr. Kousoumbalis that Plaintiff was totally disabled, and the findings of Dr. Rosenberg, Dr. Lee, Dr. Koutsoumbalis, Dr. Zitner, and PA Finn that Plaintiff could not perform sedentary work or would have significant difficulty doing so, merely stating for each finding that it was "inconsistent with other opinions, including the opinion of Dr. Asad." (*Id.* at 19.)

The ALJ erred in affording no weight to medical sources that issued a finding on disability for workers' compensation purposes.  The ALJ correctly recognized that workers' compensation programs and SSA disability benefits programs use distinct standards and thus a finding of disability made for workers' compensation purposes is not binding for SSA purposes. *See Naumov v. Comm'r of Soc. Sec.*, 539 F. Supp. 3d 273, 275 (E.D.N.Y. 2021) ("The standards for disability under workers' compensation programs are entirely distinguishable from those for Social Security disability insurance benefits.").  As the ALJ repeatedly

stated, the ultimate determination of disability is one reserved for the Commissioner.  20 C.F.R. § 404.1527(d).  The ALJ, however, erred where she found the medical findings on disability to be unpersuasive solely because the findings were made in the workers' compensation context because, "while not binding, the decisions of other governmental agencies with respect to disabilities can be considered by an ALJ."  *Tention v. Comm'r of Soc. Sec.*, No. 21-cv-04659 (KAM), 2023 WL 2868295, at *6 (E.D.N.Y. Apr. 9, 2023); *Rivera v. Colvin*, 592 F. App'x 32, 33 (2d Cir. 2015) (summary order) (noting that although disability determinations by other governmental agencies are not binding, they "are entitled to some weight and should be considered"); *see also Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975) ("While the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered.").  It does not appear that the ALJ gave any weight to the disability findings of the medical providers.

Further, as noted above, the ALJ found only consulting examiner Dr. Asad's opinion to be fully persuasive.  (ECF No. 17, Tr. at 20.)  The ALJ referred to Dr. Asad's observation that Plaintiff had "marked limitations for squatting, kneeling, bending, walking, and standing for long periods of time, and marked limitations for lifting, carrying, pushing, and pulling heavy

16

objects," but no limitations for sitting.  (*Id.* at 18, 20.)  The
ALJ found that Dr. Asad's assessment supported an RFC whereby
Plaintiff could perform a range of sedentary work, in contravention
of the findings of Dr. Rosenberg, Dr. Lee, Dr. Koutsoumbalis, Dr.
Zitner, and PA Finn.  (*Id.* at 20.)  The ALJ stated that Dr. Asad's
opinion was persuasive because "the opinion [was] generally
supported by the examination findings and the medical record as a
whole," but the ALJ did not specify which other portions of the
medical record.  (*Id.*)

    The ALJ could only find that Dr. Asad's opinion was
supported by and consistent with the record as a whole because the
ALJ dismissed five medical sources' opinions — each finding that
Plaintiff had greater limitations than Dr. Asad's opinion — as
inconsistent with Dr. Asad's assessment.  "An ALJ may not 'cherry-
pick' medical opinions, or selectively cite treating notes or
diagnostic imaging that support the ALJ's own view while ignoring
opinions and evidence that do not."  *Jones v. Saul*, No. 19-cv-5542
(LGS)(BCM), 2020 WL 5775525, at *12 (S.D.N.Y. Sept. 11, 2020),
*report and recommendation adopted*, 2020 WL 5775195 (S.D.N.Y. Sept.
28, 2020).  Yet, here, the ALJ repeatedly highlighted Dr. Asad's
assessment to find that at least five other contrary medical source
opinions, including by Plaintiff's long-term treating physicians,
were unpersuasive or only somewhat persuasive, even though all
five medical source opinions were consistent with each other

17

regarding the fact that Plaintiff had greater limitations than those identified by Dr. Asad.   The ALJ's reliance on Dr. Asad therefore appears to "cherry-pick" one opinion that supports the ALJ's own view.   Indeed, the ALJ's reliance on Dr. Asad's opinion to support a preferred administrative conclusion is flawed under § 404.1520(a)(3), which requires that an ALJ consider *all* evidence when making a disability determination.[2]

This is especially true because the ALJ provided no analysis of the consistency factor for Dr. Asad's assessment. Under 20 C.F.R. § 404.1520c, as noted above, an ALJ is required to evaluate and explain the supportability and consistency factors. *Ayala v. Kijakazi*, No. 20-cv-09373(RWL), 2022 WL 3211463, at *16 (S.D.N.Y. Aug. 9, 2022) ("The ALJ '*must*,' on a source-level, 'explain his [ ] approach with respect to the [supportability and consistency factors] when considering a medical opinion.'")

---

[2] The ALJ also found that the assessments of state agency medical analysts Dr. Li and Dr. Marasigan were somewhat persuasive. (ECF No. 17, Tr. at 20-21.) Dr. Li and Dr. Marasigan each evaluated Plaintiff's file but did not engage in an in-person examination of Plaintiff. (ECF No. 14-2, Stip. at ¶¶ 230-32, 233-34.)  When Dr. Li reviewed the record in July 2019, the record only contained medical Exhibits 1F through 7F. (*Id.* at ¶ 231.)  Dr. Li was unable to evaluate medical Exhibits 8F through 12F, and thus did not examine nearly a third of the medical record. (*Id.* at ¶ 234.)  Similarly, when Dr. Marasigan reviewed the medical record in December 2019, Dr. Marasigan only reviewed the record up to Exhibit 9F and did not review Exhibits 10F through 12F. (*Id.*)  Even when a consultative source reviews a medical record in full, if no physical examination of the plaintiff is performed, the consultative opinions are entitled to little if any weight. *Filocomo v. Chater*, 944 F. Supp. 165, 169 n.4 (E.D.N.Y. 1996). When, as here, the record reviewed is incomplete, there is "no basis to find the substantial evidence necessary to uphold the ALJ's decision." *Pratts v. Chater*, 94 F.3d 34, 38 (2d Cir. 1996); *see also Vargas v. Sullivan*, 898 F.2d 298, 295-96 (2d Cir. 1990).  Accordingly, this Court finds that the ALJ should not have assigned any weight to Dr. Li's and Dr. Marasigan's assessments, and that the assessments do not factor in to the "substantial evidence" analysis supporting the ALJ's RFC finding.

(internal quotation marks omitted), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 2801138 (S.D.N.Y. July 6, 2021)).  The ALJ described Dr. Asad's findings in some detail before concluding that Dr. Asad's conclusion regarding Plaintiff's limitations was supported by the record – thus appropriately addressing the supportability factor.  *Navedo v. Kijakazi*, No. 20-cv-10013(JLC), 2022 WL 2912986, at *9 (S.D.N.Y. July 25, 2022) ("[S]upportability, under the new regulations, has to do with the fit between the medical opinion offered by the source and the underlying evidence and explanations presented by that source to support her opinion." (citation and quotation marks omitted)).  The ALJ, however, did not mention consistency when discussing Dr. Asad's opinion, as required, even though it was the only opinion that the ALJ found to be fully persuasive.  *Accord Prieto*, 2021 WL 3475625, at *13 ("Eschewing rote analysis and conclusory explanations, the ALJ must discuss the crucial factors in any determination . . . with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." (citation and quotation marks omitted)).

Finally, the ALJ did not discuss the other factors provided by § 404.1520c(c), such as the sources' relationship to Plaintiff or their specializations.  Under the new regulations, the ALJ is not required to discuss these factors.  *Ayala*, 2022 WL

3211463, at *4; § 404.1520c(c)(2) ("We may, but are not required
to, explain how we considered the factors in paragraphs (c)(3)
through (c)(5)."). Nevertheless, these factors provide useful
context where, as here, multiple medical sources dismissed by the
ALJ are consistent with each other and inconsistent with the ALJ's
RFC finding. Indeed, four of the medical sources that found that
Plaintiff could not perform sedentary work or would have
significant difficulty doing sedentary work — a conclusion the ALJ
rejected — were Plaintiff's treating physicians, two of whom had
treated Plaintiff multiple times over the course of several years.
(ECF No. 17, Tr. at 17–20.) Dr. Asad, a consultative examiner,
conducted a single assessment of Plaintiff on July 2, 2019. (*Id.*
at 20.) Further, Dr. Checo and Dr. Koutsoumbelis — the medical
sources who found that Plaintiff was totally disabled — were both
Plaintiff's treating orthopedic surgeons, whereas Dr. Asad was a
specialist in nuclear medicine. (ECF No. 14-2, Stip. at ¶¶ 29,
83, 226.) Given that Plaintiff's injury and alleged disability
were related to a spinal injury, that all of Plaintiff's treating
physicians either specialized in orthopedic medicine or pain
management, and that these sources consistently found that
Plaintiff was unable to engage in or severely limited in her
ability to perform sedentary work, it is not clear why the ALJ
gave significantly greater weight to Dr. Asad's assessment.

Therefore, this Court finds that remand is necessary. The ALJ erred in failing to discuss Dr. Goldstein's assessment; incorrectly affording no weight to medical opinions that issued a finding on disability for workers' compensation purposes; cherry-picking findings from Dr. Asad's consultative examination despite contradictory findings from at least five other medical sources; and failing to explain the consistency of Dr. Asad's assessment. *Rivera v. Comm'r of Soc. Sec.*, No. 19-cv-04630 (LJL) (BCM), 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020), *report and recommendation adopted*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021) (citation and quotation marks omitted).  The ALJ's reliance on, and cherry-picking from, Dr. Asad's opinion as the benchmark against which to evaluate the consistency of medical evidence was flawed, given that Dr. Asad's findings were contrary to most of the medical evidence in the record, and were the result of a single examination as opposed to a long-term treating relationship. Accordingly, there is not substantial evidence to support the ALJ's RFC determination, and remand is necessary.[3]

**C. Remand**

Plaintiff requests that the case be remanded solely for calculation of benefits.  (ECF No. 14-1, Pl. Mem. at 30.)  The

---

[3] Because the Court finds that substantial evidence did not exist to support the ALJ's RFC determination and remands on that basis, the Court declines to address Plaintiff's argument regarding Plaintiff's credibility.  On remand, the ALJ shall address Plaintiff's credibility.

Court has the discretion to remand for the calculation and payment of benefits where the record "provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Duran v. Comm'r of Soc. Sec.*, 618 F. Supp. 3d 94, 99 (E.D.N.Y. 2022) (internal quotation marks omitted); *see also Harbot v. Berryhill*, 335 F. Supp. 3d 382, 388 (W.D.N.Y. 2018) ("Remand for the purpose of calculation of benefits is warranted where the record demonstrates the claimant's disability, and where there is no reason to conclude that there is additional evidence to support the Commissioner's claim that a claimant is not disabled."). In determining the proper scope of remand, courts consider "the completeness of the record, the nature of the ALJ's error, the proof of disability in the record, and the likelihood of further delay." *Olympia Joyce A. v. Kijakazi*, No. 21-CV-429 (BKS), 2022 WL 3370798, at *3 (N.D.N.Y. Aug. 16, 2022).

Here, Plaintiff has provided "persuasive proof" that she has been disabled since July 19, 2016, a period of over seven years. Two of Plaintiff's treating orthopedic surgeons, Dr. Checo and Dr. Koutsoumbelis, found that she was totally disabled. (ECF No. 17, Tr. at 17, 19-20.) Both doctors consistently documented Plaintiff's complaints of significant leg and back pain, decreased mobility, and difficulty sitting or standing for anything more than short periods of time. (*Id.*) Indeed, Plaintiff estimated that she spends "about 80% of her day lying down." (ECF No. 14-

2, Stip. at ¶ 23.)   Medical opinions by Dr. Rosenberg, Dr. Lee, Dr. Koutsoumbalis, Dr. Zitner, and PA Finn corroborated that Plaintiff could not perform sedentary work or would have significant difficulty doing so, given her levels of pain and difficulty sitting and standing.  (ECF No. 17, Tr. at 16-23.)  The record is also replete with documentation from Plaintiff's treatment providers that medical treatments to address Plaintiff's medical conditions and symptoms, via medication, physical therapy, and surgical intervention, have been largely unsuccessful.  (ECF No. 14-1, at ¶¶ 163-205.)   Dr. Checo, Dr. Lee, and Dr. Koutsoumeblis all treated Plaintiff before and after three separate surgeries intended to reduce Plaintiff's pain and increase her mobility, and documented that each surgery was largely unsuccessful in achieving these outcomes.  (*Id.* at ¶¶ 96-111, 188-215.)

Plaintiff's record is complete, without the need for further assessments or the submission of additional evidence.  Indeed, the ALJ's error was in failing to cite to substantial evidence in support of the decision to deny benefits; there is no reason to conclude that additional evidence will support the Commissioner's finding that Plaintiff is not disabled.  Given the extensive proof of disability in the record noted above, it is likely that remanding for further proceedings will simply cause additional delay – and risk wasting judicial and administrative resources –

before Plaintiff receives benefits.  Accordingly, given that there
is "persuasive proof" of Plaintiff's disability in the record, the
Court remands solely for the calculation of benefits.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion to remand
for calculation of benefits is **GRANTED**, the Commissioner's cross-
motion for judgment on the pleadings is **DENIED**, and this case is
**REMANDED** for further proceedings consistent with this Memorandum
and Order.  The Clerk of Court is directed to enter judgment
remanding this case, and to close the case.

**SO ORDERED.**

DATED:      August 3, 2023
            Brooklyn, New York

                                    _____
                                    **HON. KIYO A. MATSUMOTO**
                                    United States District Judge